UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24492-CV-SCOLA/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DORON a/k/a DON KRAMER, HAROLD KRAMER, and JOHN DOE and JANE DOE, as potential heirs and/or personal representatives, of the ESTATE OF RICHARD KRAMER,

    Defendants.

_____/

**ORDER ON DEFENDANT'S MOTION TO SET ASIDE CLERK'S DEFAULT**

This matter is before the Court on Motion that seeks relief in various forms, but which we will treat as a Motion to Vacate the Clerk's Entry of Default, filed by Defendant on April 26, 2019. [D.E. 21]. The UNITED STATES OF AMERICA ("Plaintiff") responded to Defendant's Motion on May, 10 2019 [D.E. 25]. After careful consideration of the briefing materials and the relevant governing authorities, and for the reasons discussed below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

*I.    ANALYSIS*

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Following a clerk's

entry of default, a party must then petition the court for a default judgment. *Id*. at (b)(1). A default may, however, be set aside for "good cause." *Id*. at (c). " 'Good cause' is a mutable standard, varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether a party demonstrates good cause to set aside a default, courts consider the following factors: (1) whether the default was culpable or willful, (2) whether setting it aside would prejudice the adversary, (3) whether the defaulting party presents a meritorious defense, (4) whether there is a threat of significant financial loss to the defaulting party, and (5) whether the defaulting party acted promptly to correct the default. *Id*. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Dierschke v. O'Cheskey,* 975 F.2d 181, 184 (5th Cir. 1992).

Although Defendant's motion is largely incoherent, it appears that he seeks to set aside the Clerk of Court's entry of default against him. Defendant impliedly argues that the clerk's entry of default – entered on May 1, 2019 – should be vacated on the grounds that this Court lacks personal jurisdiction over him. However, Defendant has not offered any relevant, reliable, competent or credible evidence in support of his allegations that this Court lacks personal jurisdiction. Having failed to establish that this Court's exercise of jurisdiction, Defendant seemingly has failed to establish the "good cause" necessary to aside the clerk's entry of default.

After consideration of the existing record, we find that this Court may exercise personal jurisdiction over Defendant. Defendant, as an heir to his deceased brother's intestate estate, owns an undivided one-half interest in a condominium unit located in Florida. Defendant's ownership interest in this real property is substantially connected to the Plaintiff's cause of action, which seeks to recover the unpaid civil penalties that were assessed against the decedent, Richard Kramer, for his willful failure to report his interest in certain foreign financial accounts as required by 31 U.S.C. § 5314 and its implementing regulations (often referred to as the "FBAR penalties").

Defendant's ownership of the condominium unit is the kind of "purposefully availing" act that is sufficient to bring his activities in Florida within the purview of Florida's long-arm statue, Fla. Stat. § 48.193(1)(a)(3). Additionally, Defendant's ownership interest in the condominium establishes the "minimum contacts" with Florida that are necessary to allow the Court to exercise personal jurisdiction over him without offending the traditional notions of fair play and substantial justice. Having failed to overcome the Plaintiff's *prima facie* case of personal jurisdiction, Defendant has not (and cannot) establish that "good cause" exists to set aside the default. Accordingly, Defendant's motion to vacate on jurisdictional grounds is **DENIED**.

The Court, however, does recognize that the Defendant is representing himself *pro se*. As such, the Court will grant the Defendant twenty-one (21) days from the date this order issues to respond to Plaintiff's complaint and either admit or deny the

allegations therein. [D.E. 1]. The Motion will be treated as a Motion to Vacate on the basis of excusable neglect, and we find that Defendant's *pro se* status entitles him to another bite at the apple. As such, we find that the Motion should be **GRANTED**.

## II.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Set Aside the Clerk's Default be **GRANTED in part** and **DENIED in part**. If Defendant does not file an answer to the complaint by June 26, 2019, the motion for default may be renewed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of June, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge